**FILED - MQ**
May 29, 2020 9:21 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT MICHIGAN
BY: mlc  SCANNED BY: /

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

**2:20-cv-69**

Janet T. Neff - U.S. District Judge
Maarten Vermaat - Magistrate Judge

**BENJAMIN RAGAN,**

        Plaintiff,

vs.

**KELLY WELLMAN
REGIONAL DIETICIAN,
DAWN EICHEN, R.N.,
TARA WIEST NP.,
CRAIG HUTCHINSON M.D.
CORAZIN,** *et al.*

        Defendants,

_____/

Case No.

UNITED STATES DISTRICT JUDGE
HONORABLE
UNITED STATES MAGISTRATE JUDGE
HONORABLE

# 42 U.S.C. § 1983 COMPLAINT

BY:    Benjamin Ragan #314744
       Plaintiff IN PRO SE
       Kinross Correctional Facility
       4533 W. Industrial Park Dr.
       Kincheloe, MI 49788

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

**BENJAMIN RAGAN,**

                 Plaintiff,                   Case No.

vs.                             .        UNITED STATES DISTRICT JUDGE
                                     HONORABLE
                                     UNITED STATES MAGISTRATE JUDGE
**KELLY WELLMAN**                       HONORABLE
**REGIONAL DIETICIAN,**
**DAWN EICHEN, R.N.,**
**TARA WIEST NP.,**
**CRAIG HUTCHINSON M.D.**
**CORAZIN,** *et al.*

                 Defendants,

_____/

## I.  COMPLAINT

BENJAMIN RAGAN, In Pro Se, Plaintiff in the above captioned cause, and for his complaint against the above named Defendants says as follows:

This is a 42 U.S.C. § 1983 action, filed by Benjamin Ragan, a state prisoner, alleging violations of his constitutional rights and seeking injunctive relief, declaratory judgment, compensatory judgment, monetary damages, exemplary and/or punitive damages. The Plaintiff requests a trial by jury.

## II.  JURISDICTION & VENUE

1.      This is a civil rights action being brought under 42 U.S.C. § 1983.

2.      This Court has jurisdiction over Plaintiff's claims of violations of Federal Constitutional rights under 28 U.S.C. § 1331 and 1343(a)(3).

1

3.      Venue is proper in this Court as Defendants Kelly Wellman Regional Dietician, Dawn Eichen R.N., Tara Weist N.P. Craig Hutchinson and Corazin are located in the Western District of Michigan, Northern Division. 28 U.S.C. § 1391.

4.      Jurisdiction is further found herein under this Court's general concurrent and federal question jurisdiction in that there exists a federal question of law herein. Plaintiff further invokes this Court's pendent jurisdiction for purposes of hearing these claim(s) herein which are State claims pendent to the Federal claims alleged herein. 28 U.S.C. § 1367.

### III.  DEMAND TRIAL BY JURY

5.      Plaintiff Ragan demands a trial by jury pursuant to the Federal Rules of Civil Procedure, RULE 38 and the Seventh Amendment to the United States Constitution, concerning all issues raised herein, unless there can be a consent decree or agreement with the approval of Plaintiff prior to such trial.

### IV.  PARTIES

6.      At all times material herein Plaintiff Ragan was and still is a Citizen of the State of Michigan, and his principal place of residency being Kinross Correctional Facility in Kincheloe, Michigan, County of Chippewa.

7.      At all times material herein Defendant Kelly Wellman, Regional Dietician, was and still is a citizen of the State of Michigan, whose primary place of employment is with the Michigan Department of Corrections at the Marquette Branch Prison 1960 South U.S. Highway 41 Marquette 49855.

8.      At all times material herein Defendant Dawn Eicher, RN, was and still is a citizen of the State of Michigan, whose primary place of employment is with the Michigan Department of Corrections at the Kinross Correctional Facility, 4533 W Industrial Park Dr., Kincheloe, MI 49788,

2

County of Chippewa.

9.      At all times material herein Defendant Tara Weist, N.P, was and still is a citizen of the State of Michigan, whose primary place of employment is with the Michigan Department of Corrections at the Kinross Correctional Facility, 4533 W Industrial Park Dr., Kincheloe, MI 49788, County of Chippewa.

10.     At all times material herein Defendant Dr. Craig Hutchinson, was and still is a citizen of the State of Michigan, whose primary place of employment is with the Michigan Department of Corrections at the Duane L. Waters Health Center 3857 Cooper Street Jackson 49201.

11.     At all times material herein, Corizan, Inc., was under contract with the MDOC to provide medical care to prisoners within the MDOC, and thus acting under color of state law.

12.     Plaintiff sues each and all of the above listed Defendants in their individual and official capacities.

13.     At all times relevant to the events described herein, all the defendants have acted under color of state law.

## V.  PREVIOUS LAWSUITS AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

14.     Plaintiff has presented the facts relating to this complaint at each stage of the institutional grievance process, MDOC Policy Directive (PD) 03.02.130.

15.     Plaintiff filed a grievance concerning Defendants Kelly Wellman, Dawn Eicher N.R., Tara Weist N.P., and Dr. Craig Hutchinson for their combined failure to treat Plaintiff Ragan's "ongoing" medical condition, and for their acts of deliberate indifference toward Plaintiff's "ongoing" medical condition. Plaintiff exhausted all available remedies (See attachment Grievance

3

Responses).

16.     Plaintiff Ragan has previously filed a 42 USC §1983 civil actions in *Benjamin Ragan Plaintiff v Jeffrey Stieve, Defendant*, Civil No 2:12-cv-113 Hon. R Allan Edfar Mag. Timothy P Greeley United States District Western District of Michigan.

17.     Plaintiff Ragan has previously filed a 42 USC §1983 civil actions *Benjamin Ragan Plaintiff v Susan Wilson, Defendant,* Civil No. 2:12-cv-114 Hon. R Allan Edfar Mag. Timothy P Greeley United States District Court Western District of Michigan

## VI.   FACTUAL STATEMENT

18.     On November 25, 2018, Plaintiff Ragan received a medical detail from the Regional Dietician Kelly Wellman stating that his diet had been changed to a low fat diet. It should be noted that Plaintiff is still recovering from the last time Ms. Wellman changed his diet.

19.     On January 25, 2018, Kelly Wellman and R.N. Dawn Eicher, changed Plaintiff's diet from a high protein snack that is necessary for the ingestion of the Infection Disease (Id') medication for the HIV virus. Without this additional high protein diet Plaintiff's stomach will not be able to hold down the Id' medication. Furthermore, without this additional high protein diet the Id' medication could cause other side effects. Such as Plaintiff having stomach ulcers, and pain. Hence Dietician Kelly Wellman and RN Dawn Eicher failure to consult with, Dr. Stallman first who had prescribed Plaintiff Ragan this additional high protein diet, knew or should have known that there was a substantial risk of serious harm when they changed Plaintiff's diet.  With them arbitrarily changing his diet. Plaintiff was forced to stop taking his 'Infection Disease' (Id) medication'. Defendants acted with deliberate indifference to Plaintiff's medical needs. This disruption in the taking of his 'Id medication' caused Plaintiff to have bad headaches, vomiting, dizziness and to get a very bad break out that had become mersa. This occurred for several days,

4

to the point that Plaintiff had to be placed on strong antibiotics and other medications for pain. Through that whole ordeal Plaintiff was unable to sleep, hardly eat and take his daily walks on the yard for several days further causing unnecessary and wanton infliction of pain to Plaintiff.

20.     On or about July 26, 2018, N.P. Tara Weist saw Plaintiff Ragan, Plaintiff asked to be put on an "Alternative" Id medication because of his bad headaches, dizziness and vomiting. NP Weist never ordered an 'alternative' Id med nor did she state in any of her e-mails to Id Specialist Dr. Hutchinson that Plaintiff wanted an alternative Id Medication. Even after Plaintiff was referred four times to see a doctor  due to the 'bad break out of mersa,' that not being on the Id. Medication was causing him. NP Weist's actions placed Plaintiff's life in imminent danger when Defendant acted with deliberate indifference to Plaintiff's serious medical needs.

21.     On or about August 30, 2018, Dr. Hutchinson responded to NP Weist's e-mail saying, "I do not believe we should reinforce this type of behavior." As a doctor, Defendant Hutchinson knew that the longer Plaintiff Ragan was without any type of Id medication, his life would be in imminent danger.

22.     Plaintiff Ragan was forced to write a grievance regarding the changes in his diet to low fat, however, this change has caused him significant problems and harm because it directly affects him taking his medication. It is only due to his medical condition that there is a need for him to be placed on the special diet. So, Dr. Stallman prescribed Plaintiff to be on this particular diet. But on several other occasions the Regional Dietician Kelly Wellman changed it acting with deliberate indifference to the serious medical needs of Plaintiff Ragan. Her failure to consult with Dr. Stallman is only to the detriment to Plaintiff's health. This is the second time Plaintiff had to suffer because of Ms. Wellman's deliberate indifference to Plaintiff's serious medical needs. This further shows medical treatment that is 'so grossly incompetent, inadequate, as to be intolerable to

5

fundamental fairness.

23.      As a result of the inadequate healthcare by the above named person(s), Plaintiff has suffered tremendously. Every time Plaintiff brought the problems that the change of his diet has caused him to the attention of healthcare staff they ignored it with total disregard to Plaintiff Ragan's medical condition.

**24.**      Corazin intentionally refused to properly train and withheld funds that are needed to treat Plaintiff's illness. KCF Healthcare staff acted with deliberate indifference to Plaintiff Ragan's serious medical needs. Additionally, the actions of Regional Dietician Kelly Wellman and RN. Dawn Eicher, Tara Weist NP, Dr. Craig Hutchinson and Corazin violated Plaintiff Ragan rights under 8th Amendment.

## VII.  CAUSES OF ACTION
### Count I

25.      Plaintiff incorporates paragraphs 1 through 21 as though they were stated fully therein.

26.      Defendants Regional Dietician Kelly Wellman, RN. Dawn Eicher, Tara Weist NP, Dr. Craig Hutchinson and Corazin violated Plaintiff Ragan's Eighth Amendment right to be free from cruel and unusual punishment by intentionally prolonging Plaintiff's pain and suffering.

27.      The failure of the above Defendants to provide for the specialty examination of Plaintiff and/or proper medical treatment constitutes deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

### Count II

28.      Defendant Corazin is under contract with the MDOC to provide, in the least, a

6

minimum level of medical care to Plaintiff, and thus owed a duty of reasonable care to assure that Plaintiff receives such adequate medical care.

29.     Defendants Regional Dietician Kelly Wellman, RN. Dawn Eicher, Tara Weist NP, Dr. Craig Hutchinson and Corazin breached that duty by ignoring Plaintiff's repeated requests for medical care, and by ignoring Plaintiff's complaints regarding the denial of medical care.

## VIII. RELIEF SOUGHT

30.     Issue a declaratory judgment that the actions by Defendants were unlawful and violated the U.S. Constitution and Michigan Constitution of 1963, Statutes and State Law.

31.     Enter preliminary and permanent injunctions ordering defendants, each of them, their servants, successors, predecessors, agents, employees, and all other persons acting in concert with them, to provide Plaintiff with a diet that will allow him to take 'Id' Medication, and any and all future medical needs relating to same.

32.     Carry out without delay the treatment directed by such qualified physicians.

33.     Enter preliminary and permanent injunctions ordering defendants, each of them, their servants, successors, predecessors, agents, employees, and all other persons acting in concert with them, from inflicting such harm, damages, and/or injuries upon Plaintiff, and from violating Plaintiff's rights ever again.

34.     Award nominal damages, as allowed by law, against each defendant, jointly and severally.

35.     Award compensatory damages jointly and severally against Defendants Kelly Wellman, Dawn Eichie, Tara Weist, Craig Huthinson M.D. for the physical and emotional injuries resulting from their failure to provide Plaintiff with adequate medical treatment.

36.     Award punitive damages against Defendants Kelly Wellman, Dawn Eichie, Tara

7

Weist, Craig Huthinson M.D and Corazin Inc.

      37.    Award of attorney fees, costs and disbursements Civil Rights Act of 1976, 42 U.S.C.

§ 1988.

      38.    APPOINT an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(d).

      39.    ORDER a trial by jury pursuant to Fed. R. Civ. Proc., Rule 38.

      40.    ORDER such additional relief as this Court may deem just and proper.

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

                     Respectfully submitted,

                     *Benjamin Ragan*

                     Benjamin Ragan #314744
                     Plaintiff IN PRO SE
                     Kinross Corr. Fac.
                     4533 W. Industrial Park Dr.
                     Kincheloe, MI 49788

Dated: *May 22nd 2020*

8



of the courts
State District Court
n District of Michigan
ederal Bldg-
Box 698
ette, MI 49835

U.S. POSTAGE >> PITNEY BOWES
ZIP 49788
02 4W
0000361578 MAY 26 2020
$ 001.60⁰

Benjamin Ragan #314744
Kinross corr. fac.
4533 W Industrial Park Dr.
Kincheloe, MI 49788

Clerk
united
wester
229 F
P. (
marq