UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BENJAMIN RAGAN,

    Plaintiff,

v.

    Case No. 2:20-cv-69

    Honorable Hala Y. Jarbou

KELLY WELLMAN, et al.,

    Defendants.
_____/

**ORDER**

This is a civil rights action brought by a prisoner proceeding *pro se*. Plaintiff Benjamin Ragan is suing Defendants Kelly Wellman, Dawn Eicher, Tara Weist, and Craig Hutchinson.[1] Defendants Wellman and Eicher filed a joint motion for summary judgment (ECF No. 28), as did Defendants Hutchinson and Weist (ECF No. 14). Ragan moved for default judgment against Wellman and Eicher. (ECF No. 20.) On November 13, 2020, Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R&R) recommending that: (1) Hutchinson and Weist's motion be granted; (2) Wellman and Eicher's motion be granted with respect to Eicher but denied with respect to Wellman; and (3) Plaintiff's motion for default judgment be denied. (ECF No. 36.) A copy of the R&R was mailed to Ragan on November 16, 2020.

Before the Court is Plaintiff's motion "Requesting Emergency Video/Phone Conference Hearing." The motion states, in its entirety, "NOW COMES Plaintiff Benjamin Ragan, Before

---

[1] Corizon Health, Inc., a fifth Defendant, was dismissed in June 2020 (ECF No. 6).

this Honorable Court, asking for an Emergency Video/Phone Conference hearing, to be scheduled immediately; Also I'm 'objecting' to the magistrate Recommendation!"[2]

Ragan is proceeding *pro se*, which means that his motion must be "liberally construed." *Hodges v. Tenn. Dep't of Corr.*, 238 F.3d (6th Cir. 2000) (citing *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000)).  Plaintiff's motion is susceptible to three plausible interpretations.  The first would be that Ragan is requesting an emergency hearing on some matter unrelated to his objections to the R&R, and that the motion further constitutes his objection to the R&R.  The second interpretation is that Plaintiff is requesting an emergency hearing unrelated to the R&R, and he is simply also notifying that his objections to the R&R are forthcoming.  Finally, Ragan could be saying that he seeks an emergency hearing to address his objections to the R&R.  None of these plausible interpretations warrant action by the Court.

Among other requirements, a motion must "state with particularity the grounds for seeking the order."  Fed. R. Civ. P. 7(b)(1)(B).  Ragan's use of the word "also" suggests that the request for an emergency hearing is unrelated to the R&R.  Using that interpretation, Ragan is telling the court two things: (1) he wants an emergency hearing, and (2) he objects to the R&R.  Under this view, however, Plaintiff's request for an emergency hearing is incurably deficient because it would mean that his motion did not specify the grounds for the emergency hearing sought.  The same is true if Ragan is requesting an emergency hearing and simply notifying the Court that his objections to the R&R are forthcoming.

---

[2] Plaintiff's motion is hand-written, and the Court cannot quite discern some of the punctuation.  The Court believes that the punctuation preceding the "Also" is a semicolon and that the punctuation following "Recommendation" is an exclamation point.  Both ambiguous marks may be colons.  The exact punctuation used is irrelevant because the Court will consider a range of possible interpretations that would encapsulate any differences in meaning that would result if the ambiguous marks were both colons rather than a semicolon and exclamation point.

The final potential interpretation – that Ragan would like an emergency hearing regarding his objections to the R&R – fares no better. Though this alternative interpretation would bring Plaintiff's motion closer to complying with Rule 7(b)(1)(B), his request would be moot because he did not properly object to the R&R. Fed. R. Civ. P. 72(b)(2) requires a party to provide "specific written objections" to an R&R. Ragan merely indicates that he "is objecting" to the R&R, which is not specific enough. And if Plaintiff does have specific objections, they must be written; they cannot be raised orally at an emergency hearing. Because no actual or valid objections have been made, an emergency hearing on Ragan's objections to the R&R is unjustified.

The Court is in a bit of a bind. Emergency motions merit prompt resolution. Because Ragan is *pro se*, the Court must give liberal construction to his motion. The Court cannot address his motion without considering whether it also constitutes his objection to the R&R, as doing so would provide the strongest (albeit still insufficient) grounds for the motion. If the motion is his objection, then the objection is not properly made, and the Court should therefore adopt the R&R. However, it is possible that Ragan has filed timely and valid objections that the Court has yet to receive due to delays in postal delivery,[3] in which case the Court should not adopt the R&R at this time. But if objections are not forthcoming, the R&R will be stuck in limbo. The best way forward is to treat the present motion as Plaintiff's objection to the R&R and thus deny his objection and adopt the R&R. If the Court later receives timely objections from Ragan, they will be given full consideration and any necessary adjustments to the R&R will be made at that time.

---

[3] "Under the 'mailbox rule,' [a prisoner's] objections are deemed filed the date he placed them in the prison mailbox." *Thompson v. Chandler*, 36 F. App'x 783, 784-85 (6th Cir. 2002) (citing *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999)). Ragan had 14 days to file objections from the date the R&R was mailed on November 16, 2020. Hence, the filing deadline for objections was November 30. The present motion was mailed on either November 23 or 24. At the time this motion was filed, the deadline for filing objections had not elapsed.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion Requesting Emergency Video/Phone Conference Hearing (ECF No. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 36) is **ACCEPTED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants Hutchinson and Weist's motion for summary judgment (ECF No. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Ragan's motion for default judgment (ECF No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Eicher and Wellman's motion for summary judgment (ECF No. 28) is **GRANTED** as to Eicher and **DENIED** as to Wellman.

Dated:   December 10, 2020                    /s/ Hala Y. Jarbou
                                              HALA Y. JARBOU
                                              UNITED STATES DISTRICT JUDGE