UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BENJAMIN RAGAN,

    Plaintiff,

v.

                                Case No. 2:20-cv-69

                                Hon. Hala Y. Jarbou

KELLY WELLMAN, et al.,

    Defendants.
_____/

## ORDER

On July 19, 2022, the magistrate judge issued a Report and Recommendation (R&R, ECF No. 90) recommending that the Court grant Defendant Kelly Wellman's Motion for Summary Judgment (ECF No. 82) and terminate the case. Before the Court is Plaintiff's objection to the R&R (ECF No. 91).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The magistrate judge determined that there is no genuine issue of material fact as to whether Defendant Wellman was deliberately indifferent to Plaintiff's serious medical needs. Plaintiff objects to the magistrate judge's determinations that (1) Defendant Wellman's dietary changes were recommendations to a medical provider rather than an order and (2) the dates Plaintiff argues these recommendations were made cannot be established by the medical record. Plaintiff's objection does not provide any argument or support against the magistrate judge's

determination of the dates established by the medical record.  Therefore, Plaintiff's objection on this point is overruled.

As to whether Defendant Wellman's dietary changes were recommendations or orders, Plaintiff points to a medical detail order where Defendant Wellman ordered a change to Plaintiff's diet from a high protein evening snack to a low-fat evening snack on June 13, 2018.  (ECF No. 91-1, PageID.605.)  However, Plaintiff fails to include or address the accompanying record titled "Diet Orders Require Action," which features the order generated by Defendant Wellman on June 13, 2018, and electronically signed by Nurse Practitioner (NP) Tara Weist on June 14, 2018.  This indicates Wellman's order was approved by NP Weist as per Michigan Department of Corrections (MDOC) policy that requires orders for therapeutic diets be approved by a medical provider.  (R&R, PageID.587 (citing MDOC Policy Directive 04.07.101 at ¶ G).)  Medical providers include physicians, physician assistants, nurse practitioners, and dentists, and does not include dietitians such as Wellman.  (*Id.*)  That Wellman's June 13, 2018 action was titled "Medical Detail *Orders*" does not create a question of material fact as to whether Wellman recommended a diet change.  Plaintiff also points to Registered Nurse Dawn Eicher's Kite Response which states, "Your snack bag was changed by the dietician from high protein evening snack to low fact evening snack on 6-13-18."  (ECF No. 91-4, PageID.616.)  Nurse Eicher's response is an explanation of why the staff in the chow hall changed Plaintiff's snack bag and does not create a question of material fact whether Wellman's recommendation was in fact approved by NP Weist.

Plaintiff's second and third objections both relate to the magistrate judge's determination that the record supports the claim that Wellman's authority to change diets is limited.  Plaintiff argues that Wellman contradicted Dr. Stallman's orders that Plaintiff receive a high protein snack bag and points to a medical detail order from November 13, 2019, generated by Wellman.  (ECF

2

No. 91-2, PageID.608.)  Plaintiff argues that the November order was the second time that Wellman arbitrarily changed his diet against Dr. Stallman's orders.  However, the November order was not a diet change.  The document Plaintiff provides makes clear that the low-fat evening snack order is a "renewal," not a change.  (*Id.*)  Further, the June order, presumably the first change, was approved by NP Weist, and not "arbitrarily" changed by Wellman, as Plaintiff contends.

Plaintiff provides a medical detail order from December 3, 2019, where Dr. Stallman changed Plaintiff's bedtime snack back to a high protein one.  (ECF No. 91-3, PageID.613.)  This does not create a question of fact that Wellman's order in June and continuation orders in November were contrary to Dr. Stallman's orders.[1]  As the R&R notes, "both Doctors Hutchinson and Stallman were aware of the [June] change and noted their approval in the medical records." (R&R, PageID.591.)

Lastly, Plaintiff asserts that MDOC Policy Directive 04.07.101 did not limit Wellman's authority because the medical detail orders all came directly from Wellman, and therefore, Wellman never referred the matter to a medical provider.  As mentioned above, the record indicates that Wellman's orders were approved by NP Weist.  Thus, as the magistrate judge determined, Plaintiff has failed to demonstrate a genuine issue of material fact as to the claim that Defendant Wellman was deliberately indifferent to Plaintiff's serious medical need.

Accordingly,

**IT IS ORDERED** Plaintiff's objection (ECF No. 91) is **OVERRULED**.

---

[1] The other medical records Plaintiff points to is a Clinical Progress Note by Dr. Stallman from November 30, 2017, that includes "renewal of snack detail" in the comments, and a medical detail order from April 9, 2018.  (ECF No. 91-3, PageID.612.)  The Clinical Progress Note is from before Wellman's June 2018 order change, and the medical detail order makes no changes or renewals to Plaintiff's diet, except to include the high protein bedtime snack order from November 30, 2017.  (*Id.*, PageID.611.)

**IT IS FURTHER ORDERED** that the R&R (ECF No. 90) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Wellman's motion for summary judgment (ECF No. 82) is **GRANTED**.

The Court will enter a judgment in accordance with this Order.

Dated: August 31, 2022                               /s/ Hala Y. Jarbou
                                                                     HALA Y. JARBOU
                                                                     CHIEF UNITED STATES DISTRICT JUDGE