# United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 04/10/2023.

**Case Name:**   Benjamin Ragan v. Kelly Wellman
**Case Number:**   22-1857

**Docket Text:**
ORDER filed: We GRANT the motion to amend the caption [6888493-2], DENY the motion to appoint counsel, [6903582-2] and AFFIRM the district court's judgment. Decision not for publication, pursuant to FRAP 34(a)(2)(C), Mandate to issue; Jeffrey S. Sutton, Chief Circuit Judge; Alan E. Norris, Circuit Judge and David W. McKeague, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Mr. Benjamin Ricardo Ragan
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, MI 48446

**A copy of this notice will be issued to:**

Ms. Ann E. Filkins
Ms. Jennifer Ann Foster

<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 22-1857

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 10, 2023
DEBORAH S. HUNT, Clerk

BENJAMIN RICARDO RAGAN, )
)
    Plaintiff-Appellant, )
) ON APPEAL FROM THE UNITED
v. ) STATES DISTRICT COURT FOR
) THE WESTERN DISTRICT OF
KELLY M. WELLMAN, Regional Dietitian, ) MICHIGAN
)
    Defendant-Appellee. )

O R D E R

Before:  SUTTON, Chief Judge; NORRIS and McKEAGUE, Circuit Judges.

Benjamin Ricardo Ragan, a pro se Michigan prisoner, appeals the district court's grant of summary judgment in favor of the defendants in his civil rights action.  In addition, Ragan moves to amend the caption on appeal and for the appointment of counsel.  This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Ragan, who has HIV, takes several medications to combat his disease.  These medications cause side effects, including ulcers and stomach pain.  In November 2017, to help ameliorate these side effects, Dr. Timothy Stallman ordered that Ragan receive a high-protein snack bag at night. The snack bag was subject to renewal in May 2018.  When Ragan requested renewal, his request was referred to Kelly Wellman, a dietitian with the Michigan Department of Corrections (MDOC). After reviewing Ragan's medical and meal history, Wellman recommended that Ragan's snack bag be renewed but changed to a low-fat option.  In Wellman's view, "the regular menu is providing more than enough protein at meals," and, because some of the medications Ragan received at night were to be taken on an empty stomach, a high-protein snack was contraindicated. Wellman also noted that Ragan did not regularly attend his meals.  A nurse practitioner, Tara

Weist, signed Wellman's recommendation into effect.  According to Ragan, this change in his snack bag caused him to suffer headaches, vomiting, and dizziness and prompted him to stop taking his prescribed medications.  When Ragan stopped taking his medications, Weist stopped providing the snack bag.  Dr. Craig Hutchinson also reviewed the snack bag order and offered his view that, if post-dose nausea was Ragan's concern, "a low-fat snack" would be appropriate.  As a result of the snack bag change, Ragan did not take his HIV medications for several months.

Based on the forgoing, Ragan filed this action under 42 U.S.C. § 1983, alleging that Wellman, Dawn Eicher (a registered nurse and MDOC employee), Dr. Hutchinson, and Weist[1] were deliberately indifferent to his medical needs, in violation of the Eighth Amendment.  Specifically, Ragan alleged that the snack bag change caused him to stop taking his HIV medications and left him at risk of serious harm.  The defendants moved for summary judgment, arguing that Ragan failed to exhaust his administrative remedies.  The magistrate judge recommended granting that motion as to all the defendants except for Wellman, and the district court adopted that recommendation.[2]  Following discovery, Wellman moved for summary judgment.  The magistrate judge recommended granting the motion because Ragan could not overcome the general rule that "[d]ifferences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim."  After Ragan's timely filing of objections, the district court adopted the magistrate's recommendation and granted summary judgment in favor of Wellman.

We review de novo the district court's grant of summary judgment.  *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018).  Rule 56 provides that summary judgment is appropriate when there is "no genuine dispute as to any material fact" such that the defendant is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In reaching this determination, the court "must review all the evidence, facts, and inferences in the light most favorable to the nonmoving party."  *Reed v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 569 F.3d 576, 579 (6th Cir. 2009) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

---

[1] Dr. Hutchinson and Weist are employees of Corizon Health, Inc.

[2] Ragan appealed the district court's order, but we dismissed the appeal as interlocutory.  *See Ragan v. Wellman*, No. 21-1236, 2021 WL 4059687 (6th Cir. May 27, 2021).

Because Ragan is a pro se litigant, we liberally construe his filings. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

We first address Ragan's argument that the district court erred in concluding that he failed to exhaust his administrative remedies against Eicher, Dr. Hutchinson, and Weist.[3] Under the Prisoner Litigation Reform Act (PLRA), prisoners must exhaust all administrative remedies before filing an action relating to prison conditions under § 1983. 42 U.S.C. § 1997e(a). A prisoner "exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

The MDOC provides a three-step grievance process that prisoners must follow to exhaust their administrative remedies. As relevant here, "[d]ates, times, places, and names of all those involved" "are to be included." Here, Ragan's grievance claimed that his life was in "imminent danger" because of "a diet detail from Kelly M. Wellman changing my diet," and "[f]orcing me to stop taking my . . . medication due to bad Headache, Dizziness, and vomiting." Ragan further explained that he was including a "[c]hronology of events" that "should not be mistaken" as an assertion of "numerous issues in a single grievance." In this "chronology," Ragan noted the involvement of Eicher, Dr. Hutchinson, and Weist. MDOC denied the grievance at Step I, concluding that it lacked "jurisdiction over this issue as you are grieving Kelly M. Wellman," and she was located at another facility. This denial was upheld at Step II and Step III. At Step II, the denial again noted that the grievance was only against "Kelly M. Wellman." Based on the foregoing, the magistrate judge recommended finding that Ragan failed to exhaust against Eicher, Dr. Hutchinson, and Weist. The district court adopted this recommendation because Ragan's

---

[3] Eicher, Dr. Hutchinson, and Weist are not included on the caption in this appeal. Ragan filed a motion to "Amend Notice of Appeal," which we construe as a motion to amend the caption and add these three defendants as parties to the appeal. We grant that motion. Although these defendants have not participated in the appeal, we address the exhaustion issue because both Ragan and Wellman discuss it in their briefs and, considering our resolution, these additional defendants will not be prejudiced by our consideration of the issue.

"reference" to Eicher, Dr. Hutchinson, and Weist was "made simply to provide a 'chronology' of events, and not to necessarily challenge their conduct," MDOC interpreted the grievance as only naming Wellman, and at Step II and Step III of his grievance Ragan did not "assert[]" that the denials "had erroneously limited his grievance to Wellman."

The district court correctly determined that Ragan failed to exhaust his administrative remedies as to Eicher, Dr. Hutchinson, and Weist. As that court explained, Ragan's grievance identified Wellman as the person who changed his diet and put his life in imminent danger. Ragan then specifically stated that what followed was a "chronology" that was not raising separate issues. Eicher, Dr. Hutchinson, and Weist appear only in this "chronology." MDOC interpreted Ragan as grieving Wellman only, and Ragan did not contend otherwise in his Step II and Step III filings. Under these circumstances, we find that, although Ragan exhausted his administrative remedies against Wellman, he failed to do so with respect to the remaining defendants.

Next, we turn to Ragan's contention that the district court erred in granting summary judgment to Wellman on Ragan's deliberate indifference claim. Ragan's § 1983 action alleges violations of his Eighth Amendment right to be free from "cruel and unusual punishments," U.S. Const. amend. VIII, that is, "'deliberate indifference' to his 'serious' medical needs," *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). To establish a claim for deliberate indifference, Ragan "must show two components, one objective and the other subjective." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). "The plaintiff must show both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence." *Id.*

To satisfy the subjective component, Ragan must show that Wellman "'subjectively perceived facts from which to infer substantial risk to the prisoner, that [s]he did in fact draw the inference, and that [s]he then disregarded that risk' by failing to take reasonable measures to abate it." *Id.* (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)). "[N]egligence or 'medical malpractice' alone is insufficient to establish liability." *Durham v. Nu'Man*, 97 F.3d 862, 868 (6th Cir. 1996) (quoting *Estelle*, 429 U.S. at 106). In undertaking this inquiry, we are deferential to the judgment of medical professionals. *See Rhinehart*, 894 F.3d at 738.

Applying these standards here, we affirm the district court's grant of summary judgment. As the court explained, Ragan's allegations and evidence illustrate nothing more than a difference of opinion between himself and Wellman. Ragan believes that he requires the high-protein snack bag initially prescribed; Wellman believes that Ragan's meal diet provides him with enough protein and, because some of his medications can cause nausea, a lower-fat snack bag is appropriate. Ragan has fallen short of providing evidence that Wellman was "aware of the facts from which an inference of a substantial risk of serious harm could be drawn," or that she "drew that inference of a substantial risk." *LeMarbe v. Wisneski*, 266 F.3d 429, 440 (6th Cir. 2001). Instead, even when taken in the light most favorable to Ragan, the facts show that Wellman reviewed the snack renewal request and Ragan's records. Based on that review, she concluded that his high-protein snack bag could be exacerbating the side effects of his HIV medications and that a lower-fat diet might improve those side effects. Ragan obviously disagrees with that assessment, but he has failed to put forth sufficient evidence that Wellman was aware of any facts suggesting that a lower-fat snack bag would cause a substantial risk of serious harm to Ragan.

For the foregoing reasons, we **GRANT** the motion to amend the caption, **DENY** the motion to appoint counsel, and **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 22-1857

BENJAMIN RICARDO RAGAN,

      Plaintiff-Appellant,

v.

KELLY M. WELLMAN, Regional Dietician,

      Defendant-Appellee.

Before:  SUTTON, Chief Judge; NORRIS and McKEAGUE, Circuit Judges.

**JUDGMENT**

On Appeal from the United States District Court
for the Western District of Michigan at Marquette.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

_____

Deborah S. Hunt, Clerk